UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CASE NO. 5:07-CR-8

UNITED STATES OF AMERICA                                     PLAINTIFF

v.

JAMIE ORTIZ                                                               DEFENDANT

## MEMORANDUM OPINION AND ORDER

This matter is before the Court upon Defendant's Petition for Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(2) (Docket #53). The government has responded (Docket #56). Defendant has not replied. This matter is now ripe for adjudication. For the following reasons, Defendant's Motion is DENIED.

## BACKGROUND

On November 6, 2007, Defendant Jamie Ortiz pleaded guilty to conspiracy to possess with intent to distribute methamphetamine in violation of 21 U.S.C. § 846, aiding and abetting possession with intent to distribute methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B)(viii) and 18 U.S.C. § 2, and possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A)(i). Defendant was sentenced to 120 months imprisonment to run concurrently for counts one and three of the indictment, sixty months imprisonment to run consecutively for count five, and sixty months supervised release. Judgment was entered on February 13, 2008. Defendant did not appeal his conviction or sentence. Defendant has now filed a motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2) based on the Sixth Circuit's recent decision in *United States v. Almany*, 598 F.3d 238 (6th Cir. 2010).

## DISCUSSION

The government acknowledges that the *Almany* ruling applies to this case, but argues that Defendant is not entitled to relief. Under 18 U.S.C. § 3582(c)(2), the Court may modify "a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o) . . . ." In this case, Defendant is arguing that a Sixth Circuit case requires a reduction in his sentence, not that the sentencing range has been lowered by the Sentencing Commission. Therefore, Defendant is not entitled to relief under 18 U.S.C. § 3582(c)(2).

The Sixth Circuit has held that a motion to amend a sentence under § 3582 may be construed as a 28 U.S.C. § 2255 motion. *See United States v. Carter*, 500 F.3d 486, 489 (6th Cir. 2007). Under § 2255, a prisoner may attack his sentence for a variety of reasons, including if the sentence imposed is in violation of the laws of the United States or in excess of the maximum sentence authorized by law. 28 U.S.C. § 2255(a). Defendant may not seek relief under § 2255 in this case, however, because his claim is barred by the one year statute of limitations period set out in § 2255(f). That subsection states:

> (f) A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of–
>
> > (1) the date on which the judgment of conviction becomes final;
> >
> > (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> >
> > (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (4) the date on which the facts supporting the claim or claims

> presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f)(1)-(4).  The government has not created any impediment to making a motion, Defendant's cited authority has not been recognized by the Supreme Court or applied retroactively, and this is not a case involving newly discovered facts.  Therefore, the one year statute of limitations began to run on the date when the judgment of conviction became final.  Defendant's judgment became final on February 23, 2008.  *See Sanchez-Castellano v. United States*, 358 F.3d 424, 428 (6th Cir. 2004) ("[A]n unappealed federal criminal judgment becomes final ten days after it is entered, for purposes of the § 2255 statute of limitations . . . .").  Defendant did not file his motion until April 26, 2010.  Therefore, Defendant's motion is barred by the § 2255 statute of limitations.

## CONCLUSION

For the foregoing reasons, IT IS HEREBY ORDERED that Defendant's Motion for Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(2) is DENIED.